**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 28 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUDITH A. SEIDL, | No. 25-3681 |
| Plaintiff - Appellant, | D.C. No. 3:24-cv-00219-YY |
| v. | |
| FRANK BISIGNANO, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Youlee Yim You, Magistrate Judge, Presiding

Submitted July 9, 2026[**]
Portland, Oregon

Before: GRABER, CLIFTON, and SUNG, Circuit Judges.

Judith A. Seidl appeals the district court's order affirming the Commissioner of Social Security's denial of her application for disability benefits. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review the district court's order de novo and may reverse a denial of benefits only when that decision is "based on legal error or not supported by substantial evidence in the record." *Revels v. Berryhill*, 874 F.3d 648, 653–54 (9th Cir. 2017) (citation omitted).

The administrative law judge ("ALJ") provided clear and convincing reasons for discounting Seidl's subjective symptom testimony, and the ALJ's residual functional capacity ("RFC") assessment for Seidl was supported by substantial evidence. *See Ferguson v. O'Malley*, 95 F.4th 1194, 1199 (9th Cir. 2024).

Seidl's argument that the ALJ failed to "identify any specific aspects of the record which were in any way inconsistent with [her] specific testimony" is unpersuasive. The ALJ did not make a general statement regarding Seidl's inconsistencies; instead, the ALJ provided clear and convincing reasons for discrediting Seidl's testimony.

First, the ALJ cited numerous inconsistencies between the medical evidence and Seidl's testimony that she was having vasovagal syncope episodes two to three times a week, along with five to ten episodes of lightheadedness. The ALJ appropriately concluded that Seidl's reports to her treatment providers that medication, increased hydration, and compressions socks had improved her symptoms contradicted her testimony that her symptoms had not improved. Seidl's argument that it was improper for the ALJ to rely on her use of these treatment

methods to discount her testimony fails because an ALJ may discount a claimant's testimony because of effective treatment. *See Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for [disability insurance] benefits.")**.**

Second, the ALJ appropriately relied on evidence regarding Seidl's daily activities that contradicted her testimony. *See Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022). For example, Seidl testified that she is not doing any exercise program and is only able to do chores for up to 10 minutes, but the record shows that she reported using an "exercise bike for up to 30 minutes," and that she "shops for up to 30 to 45 minutes."

Third, Seidl argues that she cannot complete sedentary work because "on at least one occasion [she] had to leave work in an ambulance after her coworkers found her on the floor." But Seidl contradicted that contention when she testified that she "didn't go with the ambulance" because she had already recovered by the time it arrived, and that on two other occasions when she had syncopal episodes, her coworkers "didn't need to" call an ambulance.

Seidl also argues that the ALJ erred in rejecting the lay statements from her husband, Logan Seidl. When an ALJ provides clear and convincing reasons for rejecting a claimant's testimony, and a layperson's testimony is "similar to such

complaints, it follows that the ALJ also gave germane reasons for rejecting [the layperson's] testimony." *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009). The ALJ's clear and convincing reasons for discrediting Seidl's testimony are sufficient reasons to reject her husband's statements.

Finally, Seidl argues that the ALJ's RFC assessment and hypothetical to the vocational expert were flawed because they did not include limitations described by Seidl and her husband. Because the ALJ did not err in discounting either Seidl's or her husband's testimony, this derivative argument fails. *See Kitchen v. Kijakazi*, 82 F.4th 732, 742 (9th Cir. 2023).

**AFFIRMED.**